UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JILLIAN JOHN,                                                                    MEMORANDUM
       Plaintiff,       AND ORDER
   - against -
KINGSBROOK JEWISH MEDICAL     11-CV-3624 (MKB) (JO)
CENTER / RUTLAND NURSING HOME,
       Defendant.
-------------------------------------------------------------X

James Orenstein, Magistrate Judge:

  In a letter-motion dated May 4, 2012, defendant Kingsbrook Jewish Medical Center ("Kingsbrook") seeks various forms of discovery relief. Docket Entry ("DE") 58. Plaintiff Jillian John ("John") submitted a response on the same date. DE 61. Kingsbrook submitted a reply letter on May 9, 2012. DE 63.[1] I address each request for relief in turn below.

  A. John's Response To Kingsbrook's Interrogatory Number 9

  Kingsbrook's interrogatory sought the names of all participants in any "su-su" in which she participates, as well as the dates of each person's participation, the amounts of money each such person contributed, the names of all recipients of funds from each such su-su and the amounts so received. John has responded only in part, restricting her answer to the names of Kingsbrook employees only, and only with respect to the most recent su-su in which she participated. John has failed to comply with Kingsbrook's requests to supplement her response with the other information originally requested. In addition, Kingsbrook seeks to have John verify her response by signing a form that Kingsbrook has prepared and having the form notarized. John has failed to comply with that request.

---

[1] The reply does not affect my analysis of any of the issues before me. I remind all parties that, as set forth in Rule III.A.2.b of my individual practice requirements, I do not permit replies on discovery disputes litigated pursuant to Local Civil Rules 37.1 and 37.3. I will disregard any future reply absent a showing of good cause to waive application of that rule.

I grant this portion of Kingsbrook's motion. The interrogatory request appears to be reasonably calculated to lead to the discovery of admissible evidence relevant to John's claims and Kingsbrook's defenses. John provides no argument to the contrary that I have not previously considered and rejected. Moreover, while the pertinent rule does not prescribe the specific form of verification that Kingsbrook has asked John to execute, it does require both that each interrogatory must be answered "fully in writing under oath" and that "[t]he person who makes the answers must sign them[.]" Fed. R. Civ. P. 33(b)(3), (5). The form Kingsbrook has provided goes no further: it seeks a signed, sworn statement that John's responses are true and correct to the best of her knowledge and belief. I therefore conclude that it is appropriate to require John to verify her responses, either in the form provided by Kingsbrook or in some alternate way that includes John's signature and attests, in writing and under oath, to the truth of her answers.

B.    John's Deposition

The parties are unable to agree on a date and time for the continuation of John's deposition. Kingsbrook seeks to compel John to appear during normal business hours, while John insists on proceeding only on a weekend or after 6:00 p.m., to accommodate her work schedule. John reports that she has only recently begun her job, and has not yet accrued vacation time; she adds that leaving work for her deposition may endanger her job and impose undue financial burdens. Kingsbrook contends that accommodating John will increase its discovery costs and deprive it of the ability to seek a ruling from me during the deposition should the need arise.

I find neither party's position to be completely persuasive. I recognize that even a single day of unpaid leave from work can be a financial burden, and I hesitate to be inflexible about enforcing discovery rules in such a way that an indigent plaintiff must choose between economic

2

ruin and the full discovery of her claims – a dilemma that might chill such a plaintiff's right of access to the court for the redress of perceived civil wrongs. Nevertheless, John's position is undermined by the fact that she will take two to three days off from work, without pay, during the month of June to conduct her own depositions – without explaining why she cannot do likewise to discharge her own discovery obligations.

With respect to Kingsbrook's concerns, I note that they are largely not of John's making. To the extent Kingsbrook wants to ensure access to me during a deposition, I will make myself available to the parties by telephone, regardless of the date and time of John's continued deposition; as a result, that aspect of Kingsbrook's argument should present no further obstacle to accommodating John's scheduling preferences. To the extent Kingsbrook is concerned about cost, I note that Kingsbrook indicates a preference for recording the deposition by means of both stenography and video recording, even though only one such method will suffice. *See* Fed. R. Civ. P. 30(b)(3)(A). Moreover, under normal circumstances, "[t]he noticing party bears the recording costs." *Id*. Kingsbrook's preference to use two recording methods where one will do should be accommodated, but John need not subsidize it – she should be responsible only for the increased costs that her scheduling needs necessarily impose on her opponent.

I therefore grant in part and deny in part this portion of Kingsbrook's motion. Specifically, if John wishes to schedule the continuation of her deposition after 6:00 p.m. or on a weekend, she must reimburse Kingsbrook for the added stenography costs (an additional appearance fee of $60.00 and an increased cost-per-page of $2.25, *see* DE 58 at 3 n.10 & Ex. F), but she need not pay any portion of Kingsbrook's video recording costs; in addition, the parties must make arrangements with my chambers to be able to reach me if necessary during John's testimony. If

John is unwilling to agree to such conditions, she must make herself available for the continuation of her testimony on a weekday between 8:30 a.m. and 6:00 p.m., and Kingsbrook must bear all of its own costs associated with recording the deposition in the manner of its choosing.

      C.      John's Response To Kingsbrook's Interrogatory Number 13

As with her response to Kingsbrook's interrogatory number 9, John has thus far failed to execute the verification form that Kingsbrook has provided with respect to her supplemental response to interrogatory number 13. For the same reasons explained above, I order John either to sign the verification form or to provide some alternate that includes her signature and attests, in writing and under oath, to the truth of her answers.

      SO ORDERED.

Dated: Brooklyn, New York
       May 14, 2012

                                                /s/
                                     JAMES ORENSTEIN
                                     U.S. Magistrate Judge